## J. A. HARVELL v. HAYNES AUTO COMPANY.

(Filed 5 March, 1919.)

1. **Vendor and Purchaser — Contracts — Consideration — Cash Deposits — Actions.**

   A cash deposit, made upon a contract for the purchase of several automobiles, subject to the vendor's approval, materially altered by him, and rejected, as changed, by the purchaser, is without consideration and may be recovered by the latter in his action.

2. **Evidence—Vendor and Purchaser—Principal and Agent—Declarations.**

   Where an agent makes a sale subject to the approval of the vendor, who makes material alterations therein, which the purchaser rejects, the declarations made by this agent in endeavoring to adjust the matter with the purchaser, under authority of his principal, are competent as evidence in the purchaser's behalf.

APPEAL by defendant from *Kerr, J.,* at August Term, 1918, of HALI-FAX.

This was an action brought to recover a deposit of $250 under contract, 16 March, 1917, made by plaintiff with defendant's agent, for the purchase of ten cars, two of which were delivered and eight of which were never delivered, though demanded. The contract was signed in Weldon, but was not to be binding until accepted by the defendant in Atlanta. When the duplicate of the contract was returned from Atlanta it had been materially altered, and Harvell did not accept the contract as ordered, but demanded delivery upon the original contract. Verdict and judgment for plaintiff. Appeal by defendant.

*George C. Green for plaintiff.*
*W. E. Daniel for defendant.*

CLARK, C. J. The first issue was, "Did the defendant alter the contract of 16 March, 1917, after execution by the plaintiff and without his consent?" To which the jury responded, "Yes." The only question necessary for determination is whether there was error as to this issue, in that the court permitted the plaintiff to testify as to a conversation with Turnage, the agent with whom he made the contract, and three months after it was made, when, after a dispute had arisen, Turnage was sent to adjust the difference with the plaintiff. ·

The plaintiff testified that on that occasion Turnage stated to him that the "Little Haynes Junior" car, which was one of those stipulated for in the original contract, would not be furnished, and that he (the plaintiff) asked Turnage about the $250 deposit, and Turnage stated that as soon as he got to Atlanta he would have the check for the $250 sent back to plaintiff.

At the time the plaintiff made the deposit of $250 he had bought two light Haynes cars. Later he wired the defendant to hold up the shipment of the two touring cars, though he was not cancelling the contract. The evidence by him is that he did not cancel the order for the two cars named, but merely was asking that the shipment of them should be held up. There is no testimony in the record that the plaintiff ever recognized the amended contract or ever purchased any cars other than the two ordered 16 March, or that he ever ordered any cars except the Haynes Junior, all three of which were called for in the contract of 16 March.

The effect of this testimony is not to change or alter the contract, but to corroborate the plaintiff's contention that the contract had not been complied with. Turnage was acting by authority of defendant at the time, and his statements in regard to the subject of his mission were competent.

The jury having found upon competent testimony that the contract had been altered by the defendant without assent of the plaintiff, and there being no controversy that all the cars actually delivered had been paid for, the failure of the defendant to perform the contract as set out in the written agreement entitled the plaintiff to recover the $250 deposit, both because made under the contract which the defendant vitiated by the alteration, as found by the jury, and because of the failure of defendant to comply therewith. The defendant holds it without any equivalent rendered therefor, and should return it.

No error.